# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Case No.: 2:19-cv-02076-GMN-BNW |
| vs. | ) | |
| | ) | **ORDER** |
| HECTOR ESTRADA-IGLESIAS, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |

Pending before the Court is the Notice of Appeal, (ECF No. 1), filed by Plaintiff/Appellant United States of America ("the Government"). The Government filed the instant appeal following the Magistrate Judge's dismissal of Defendant/Appellee Hector Estrada-Iglesias's ("Defendant's") Citation, which the Deputy United States Marshal issued to Defendant pursuant to 41 C.F.R. § 102-74.390 after Defendant engaged in "Disorderly Conduct" on government property. (*See* Notice of Appeal, ECF No. 1). For the reasons discussed below, the Court **REVERSES** the Magistrate Judge's Order and **REMANDS** the case for further proceedings.

## I.   **BACKGROUND**

This appeal arises from the Magistrate Judge's dismissal of the Citation issued against Defendant for "Disorderly Conduct" after the Magistrate Judge held that 41 C.F.R. § 102-74.390—the regulation authorizing the Citation—was unconstitutionally vague as applied. (Excerpt of Record ("ER") 3–15, ECF No. 23). On March 5, 2019, Defendant arrived at the Lloyd D. George Courthouse and was subjected to standard security screening at the Courthouse's entrance. (ER 33). Upon entry, Court Security Officer ("CSO") Young asked Defendant to show his photo identification. (*Id.*). Defendant refused to show his identification to CSO Young, and Defendant was escorted from the courthouse. (*Id.*).

Shortly thereafter, Defendant returned to the Courthouse and used his phone to record video once inside. (*Id.*). CSO Young informed Defendant that recording in the Courthouse is prohibited, and CSO Young pointed out a sign to Defendant that stated the Court's policy against video recording. (*Id.*). CSO Young and CSO Luzak then moved toward Defendant in an attempt to again escort him out of the Courthouse, but Defendant attempted to block the revolving door in an effort to prevent the CSOs from removing him from the building. (*Id.*). Once outside, CSOs Luzak and Young arrested Defendant pursuant to an outstanding warrant against him. (*Id.*). Following his arrest, the Deputy United States Marshal issued misdemeanor Citations to Defendant for Failure to Comply with Lawful Direction of a Law Enforcement Officer in violation of 41 C.F.R. § 102-74.385 and Disorderly Conduct in violation of 41 C.F.R. § 102-74.390. (*Id.*).

Defendant moved to dismiss the Disorderly Conduct Citation arguing, among other reasons, that the regulation is unconstitutionally vague as applied to his conduct. (ER 16–34). The Magistrate Judge, exercising jurisdiction pursuant to 18 U.S.C. § 3401(a), issued an Order finding that 41 C.F.R. § 102-74.390's prohibition on disorderly conduct is unconstitutionally vague as applied to Defendant's conduct. (ER 3–15). The Magistrate Judge therefore granted Defendant's Motion to Dismiss. (*Id.*). Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(A), the Government now appeals the Magistrate Judge's Order to the undersigned. (*See* Notice of Appeal, ECF No. 1). The Government contends that the Magistrate Judge erred in finding 41 C.F.R. § 102-74.390 unconstitutionally vague as applied. (Op. Brief at 3, ECF No. 6).

## II.   <u>LEGAL STANDARD</u>

Under 18 U.S.C. § 3402, "[i]n all cases of conviction by a United States magistrate [United States magistrate judge] an appeal of right shall lie from the judgment of the magistrate [magistrate judge] to a judge of the district court of the district in which the offense was

committed."  The Court reviews findings of fact under the clear error standard. *United States v. Arnold*, No. 3:15-cv-00109-MMD-WGC, 2015 U.S. Dist. LEXIS 141104, 2015 WL 6123208, at *2 (D. Nev. Oct. 16, 2015) (citing *United States v. Ramirez*, 555 F. Supp. 736, 738-39 (E.D. Cal. 1983)).  Issues of law are reviewed *de novo*. *Id.* (citing *United States v. Wazelle*, No. CR-F-04-5376 AWI, 2006 U.S. Dist. LEXIS 66081, 2006 WL 2536610, at *3 (E.D. Cal. Aug. 31, 2006)).

## III.  **DISCUSSION**

This appeal concerns a pure issue of law: whether the Magistrate Judge correctly construed the meaning of 41 C.F.R. § 102-74.390 before concluding that "disorderly conduct" was unconstitutionally vague as applied.  The regulation provides:

> All persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct or exhibiting other conduct on property that —
> (a) Creates loud or unusual noise or a nuisance;
> (b) Unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots;
> (c) Otherwise impedes or disrupts the performance of official duties by Government employees; or
> (d) Prevents the general public from obtaining the administrative services provided on the property in a timely manner.

41 C.F.R. § 102-74.390.  As a matter of construction, the dispositive issue before the Court is whether the behaviors enumerated in subsections (a)–(d) define only "other conduct," or if the behaviors also define prohibited "loitering" and "disorderly conduct."  In her Order dismissing Defendant's Citation, the Magistrate Judge concluded that subsections (a)–(d) only modify the phrase "other conduct." (*See* ER 10–12).  The Order noted that any other interpretation would deprive "loitering," "disorderly conduct," and "other conduct" of independent meanings, and courts must construe statutes and regulations to avoid rendering the meaning of any word or phrase superfluous. (*See* ER 11–12).

The Government argues that the Magistrate Judge erred by failing to apply the canon of constitutional avoidance to 41 C.F.R. § 102-74.390. (Op. Brief 6–7).  Noting that the Ninth Circuit recently addressed this precise issue in *United States v. Lawrence*, 755 F. App'x 703, (9th Cir. 2019) (unpublished), *reh'g denied*, No. 18-10071, 2019 U.S. App. LEXIS 14092 (9th Cir. May 10, 2019), the Government urges this Court to adopt the Circuit's conclusion that subsections (a)–(d) modify disorderly conduct because the interpretation is reasonable and to hold otherwise raises serious vagueness concerns. (*Id.*).  The Government further argues that the Magistrate Judge improperly relied upon the presumption against superfluity because the presumption is not mandatory when in competition with the canon of constitutional avoidance, and, even if applicable, the Government's proffered interpretation would not render any word of the regulation meaningless. (*Id.* at 8–9).

Defendant responds that the Magistrate Judge correctly construed 41 C.F.R. § 102-74.390 because the canon of constitutional avoidance only applies where a statute or regulation is plausibly susceptible to an interpretation that avoids raising a constitutional issue, but subsections (a)–(d) in the regulation at issue clearly modify only "other conduct." (Ans. Br. 11–12, ECF No. 9).  Defendant contends that the canon of constitutional avoidance does not apply to the regulation because its text reveals that "loitering" and "disorderly conduct" are distinct from the behaviors of subsections (a)–(d), which define the scope of "other conduct;" otherwise, "other conduct" would subsume the meanings of "loitering" and "disorderly conduct." (*See id.* at 12–17).  Finally, Defendant argues that the rule of the last antecedent and the presumption against superfluity "foreclose" the Government's interpretation. (*Id.* at 18–22). Notably, Defendant highlights that courts decline to apply the rule of the last antecedent "when several words are followed by a clause which is applicable as much to the first and other words as to the last;" however, Defendant contends that the exception does not apply here because an individual cannot not loiter by creating loud or unusual noises or by preventing the public from

timely accessing administrative services. (*Id.* at 19–20) (quoting *Paroline v. United States*, 572 U.S. 434, 447 (2014) (internal modifications and emphasis omitted).

At the outset, the Court notes that there are three competing canons of statutory interpretation at play: the rule of the last antecedent, the presumption against superfluity, and the canon of constitutional avoidance.  The hierarchy of the applicable canons preliminarily directs courts to apply the canon of constitutional avoidance because, "it is our duty in the interpretation of federal statutes to reach a conclusion which will avoid serious doubts of their constitutionality." *See United States v. Rumely*, 345 U.S. 41, 45 (1953) (quoting *Richmond Co. v. United States*, 275 U.S. 331, 346 (1928)).  Courts should construe a statute or regulation to avoid raising constitutional problems if an alternative interpretation is "fairly possible" and not "plainly contrary to the intent of Congress." *Fair Hous. Council v. Roommate.com, LLC*, 666 F.3d 1216, 1222 (9th Cir. 2012).  The remaining canons—the rule of the last antecedent and the presumption against superfluity—enable the Court to assess whether the regulation is susceptible to a meaning that avoids constitutional problems.

The rule of the last antecedent is a grammatical rule, "according to which a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase it immediately precedes . . . ." *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003).  The rule is not absolute, and it may be overcome "by other indicia of meaning." *Id.*  Other indicia may include, "structural or contextual evidence." *See Lockhart v. United States*, 136 S. Ct. 958, 965 (2016).  Exceptions arising from a text's structure may counsel that "[w]hen several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." *Porto Rico R., Light & Power Co. v. Mor*, 253 U.S. 345, 348 (1920).

Under the presumption against superfluity, courts are to assume that Congress or the regulating agency "used two [or more] terms because it intended each term to have a particular,

nonsuperfluous meaning." *Bailey v. United States*, 516 U.S. 137, 146 (1995).  Where, as here, an issue of interpretation implicates both the presumption against superfluity and the rule of the last antecedent, the court should interpret the statue to avoid "running headlong into the rule against superfluity by transforming a list of separate predicates into a set of synonyms describing the same predicate." *Lockhart*, 136 S. Ct. at 966.

While the Court finds that the Magistrate Judge construed the regulation at issue consistent with its most natural reading, the Court disagrees that the interpretation is the only fairly possible reading of the regulation.  The Government's proffered interpretation would not render "loitering," "disorderly conduct," and "other conduct" superfluous because applying subdivision (a)–(d) to each term can enable each to maintain a distinct meaning.  To illustrate by example, the Court uses the relevant definitions provided in Black's Law Dictionary.  According to Black's, "loitering" describes "hang[ing] about and doing nothing in a public place." Black's Law Dictionary Online (2d Ed.) (available at https://thelawdictionary.org/loiter/).  Black's defines "disorderly conduct" as "signifying generally any behavior that is contrary to law, and more particularly such as tends to disturb the public peace or decorum, scandalize the community, or shock the public sense of morality." Black's Law Dictionary Online (2d Ed.) (available at https://thelawdictionary.org/disorderly-conduct/).  Thus, "other conduct" described by (a)–(d) would include any conduct on the spectrum between the poles of loitering and disorderly conduct; behavior more active than loitering that would be lawful but for its violation of the regulation.

Even if the Court's construction creates some overlap between the terms in the regulation, the presumption against superfluity does not preclude the interpretation unless the terms are completely redundant. *See, e.g.*, *Lockhart*, 136 S. Ct. at 964–66 (finding that the overlapping phrases "aggravated sexual abuse," "sexual abuse" and "abusive sexual conduct involving a minor or ward" have independent meaning, unless "involving a minor or ward" is

construed to modify all three predicates).  Here, as explained in the preceding paragraph, the terms retain independent meaning.  While Defendant argues the Government's proposed construction would force "other conduct" defined by subsections (a)–(d) to subsume all loitering or disorderly conduct characterized by (a)–(d), his position disregards that "other" necessarily modifies "conduct" to include distinct expressions of the (a)–(d) behaviors from those expressions characterizing the preceding terms, "loitering" and "disorderly conduct." *See* Merriam-Webster Online, "Other," (available at https://www.merriam-webster.com/dictionary/other) ("being the one (as of two or more) remaining or not included"); (*Cf.* Ans. Br. 20–22).

Nor must the statute be construed according to the rule of the last antecedent because the elements of subdivision (a)–(d) can plausibly modfiy "loitering," "disorderly conduct," and "other conduct."  For example, one could "impede[] or disrupt[] the performance of official duties" of a CSO either by loitering in front of a metal detector, engaging in disorderly conduct by violently threatening the officer, or engaging in otherwise lawful conduct that violates the Court's rules but impedes or disrupts the performance of CSOs. *See* 41 C.F.R. § 102-74.390(c).  While particular subsections, like subsection (a)'s prohibition on "[c]reat[ing] loud or unusual noise" may not always apply to "loitering," the entire subdivision (a)–(d) has elements that apply equally to "loitering," "disorderly conduct," and "other conduct."  Thus, while not the most natural reading of the regulation, the Government's interpretation is at least plausible and therefore clears the low threshold required for the Court to apply the canon of constitutional avoidance.

Other courts' corollary decisions support this Court's conclusion.  While the unpublished disposition is not binding on this Court, the Ninth Circuit in *Lawrence* addressed the precise question at issue. 755 F. App'x at 703.  The Circuit quickly concluded that "the disjunctive list of modifiers enumerated in subsections (a) through (d) are applicable to the

three enumerated offenses of 'loitering,' 'disorderly conduct,' and 'other conduct.'" *Id.* at 704. With the exception of the Magistrate Judge's Order, other federal courts construing the regulation against a facial or as-applied vagueness challenge have unanimously reached the same conclusion as the Ninth Circuit in *Lawrence. See, e.g.*, *United States v. Lawrence*, No. 3:17-cv-00097-MMD, 2018 U.S. Dist. LEXIS 25720, 2018 WL 934858, at *4 (D. Nev. Feb. 16, 2018) ("The regulation at issue here is susceptible to an alternative reading that is fairly possible—the enumerated subsections could modify both 'other conduct' and 'disorderly conduct.'"); *United States v. Towaki Komatsu*, No. 18-cr-651, 2019 U.S. Dist. LEXIS 93271, 2019 WL 2358020, at *3 (E.D.N.Y. June 4, 2019) ("In this Court's reading, § 102-74.390(c) modifies not only 'other conduct on [federal] property,' but the regulation's prohibition of 'loitering' and 'exhibiting disorderly conduct' as well."); *United States v. Baldwin*, No. 11-cr-00018, 2013 U.S. Dist. LEXIS 57932, 2013 WL 1751888, at *3 (D. Colo. Apr. 23, 2013) (finding that "disorderly conduct" is not impermissibly vague as applied because the regulation clearly prohibits disrupting the performance of government employees), *aff'd* 745 F.3d 1027 (10th Cir. 2014); *see also United States v. Brice*, 926 F.2d 925, 930 (9th Cir. 1991) (upholding the previous version of the regulation against a vagueness challenge).

Finally, context from other similar federal regulations indicates that subsections (a)–(d) define both "disorderly conduct" and "other conduct" because similar behaviors are used to define "disorderly conduct" in Department of Veterans Affairs' facilities. *See* 38 C.F.R. § 1.218(b)(11) (prohibiting "[d]isorderly conduct which creates loud, boisterous, and unusual noise, or which obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways or which tends to impede or prevent the normal operation of a service or operation of the facility"); *see also United States v. Agront*, 773 F.3d 192 (9th Cir. 2014) (upholding 38 C.F.R. § 1.218(b)(11) against an as-applied vagueness challenge).  While Defendant has shown that disorderly conduct may be vague in the abstract, and the regulations

are not promulgated by the same agency, it would nevertheless require a logical leap for behavior that defines disorderly conduct in one context to be completely exempt from the scope of disorderly conduct in 41 C.F.R. § 102-74.390 because the behaviors modify only "other conduct."

Thus, while the Magistrate Judge applied the most natural reading of the regulation, her interpretation is not the only fairly possible reading.  Accordingly, to avoid casting doubt on the regulation's constitutional validity, the Court must construe subsections (a)–(d) to modify "disorderly conduct."  Here, it is beyond dispute that Defendant engaged in behavior that caused a nuisance, blocked an entrance to the courthouse, and interfered with the duties of CSOs, which the regulation defines as within the scope of "disorderly conduct."  Therefore, dismissal of the Citation was improper.[1]

## IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that the Magistrate Judge's Order dismissing the Citation is **REVERSED**, and the case is **REMANDED** for further proceedings.

Dated this  _2_  day of November, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] Defendant also attempts to raise a non-delegation challenge to the regulation, but he waived the argument by failing to raise it before the Magistrate Judge. *See Bowers v. Whitman*, 671 F.3d 905, 917 n.7 (9th Cir. 2012)